RENDERED: NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0938-MR

JALIN HANCOCK                                                                          APPELLANT

v.          APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 20-CR-00148

COMMONWEALTH OF KENTUCKY                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2022, Appellant, Jalin Hancock, was convicted by Henderson County Circuit Court jury of first-degree trafficking in a controlled substance (methamphetamine), first-degree possession of a controlled substance (cocaine), possession of drug paraphernalia, and being a first-degree persistent felony offender. He was sentenced to eleven years' imprisonment. Hancock appeals to this Court as a matter of right. His sole issue on appeal is that he "was

entitled to a mistrial when the Commonwealth failed to disclose relevant evidence."  For the following reason, we affirm.

"Declaring a mistrial is an extreme remedy and should be resorted to only when there appears in the record a manifest necessity for such an action or an urgent or real necessity."  *Lewis v. Commonwealth*, 642 S.W.3d 640, 643 (Ky. 2022) (internal quotation marks omitted).  A trial court's decision to deny a mistrial is reviewed under an abuse-of-discretion standard.  *Id*. (citation omitted).  Under that standard, the trial court's decision will be disturbed only if it was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).    Intertwined within his mistrial argument, Hancock also alleges a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Therein, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Id*. at 87.  In *Bowling v. Commonwealth*, our Supreme Court elaborated as follows:

> As a general rule "[t]here is no general constitutional right to discovery in a criminal case and *Brady* did not create one . . . ."  *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 846, 51 L. Ed. 2d 30, 42 (1977).  Rather, *Brady* concerns those cases in which the government possesses information that the defense does not and the government's failure to disclose the information deprives the defendant of a fair trial.

> Therefore, reversal is required only where "there is a 'reasonable probability' that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is the probability sufficient to undermine the confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481, 494 (1985). Moreover, *Brady* only applies to "the discovery, *after trial,* of information which had been known to the prosecution but *unknown to the defense.*" *United States v. Agurs*, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397, 49 L. Ed. 2d 342, 349 (1976) (emphasis added).

80 S.W.3d 405, 410 (Ky. 2002). With these standards in mind, we now return to the record and argument on appeal.

Hancock's counsel requested a mistrial after it was determined that an item of evidence was not disclosed by the Commonwealth. He identifies this item of evidence as a CAD sheet, which apparently contains "[i]nformation about the comings and goings of officers that were reported by dispatch . . . ."[1] As to the evidentiary value of the missing CAD sheet, Hancock speculates as follows:

> The CAD sheets would have been an invaluable tool to impeach each testifying officer as to their location during the arrest and search of Mr. Hancock's car. These sheets would have also identified each officer on the scene, what agency they were associated with, and when each left the scene. Defense counsel needed to develop this timeline in order to argue to the jury that things did not occur as the officers said they did. If Mr. Hancock's car

---

[1] It is unclear whether Hancock takes issue with the alleged failure to disclose one CAD sheet, or multiple CAD sheets. The following quotations appear to indicate that he takes issue with one such item in particular, CAD sheet 20-4611. In any event, our analysis applies equally to any additional CAD sheet materials.

was searched prematurely as defense counsel theorized, this timeline would have established that fact.

He further alleges that:

> The heart of Mr. Hancock's defense was the search of his car was done prematurely and the police acted improperly while on scene. To show this, his defense counsel relied on CAD sheet 20-4616 which was given to him by the Commonwealth's Attorney.
>
> . . .
>
> CAD sheet 20-4616 was not the original CAD sheet pertaining to Mr. Hancock's case. The original CAD sheet was 20-4611.
> . . .
>
> The Commonwealth's Attorney countered that defense counsel specifically requested only CAD Sheet 20-4616 and that was provided to him within 24 hours. Defense counsel requested the CAD sheet directly from the Commonwealth's Attorney in lieu of filing a written motion.

(Citations omitted.) Based on the foregoing, it appears that the defense received the document it requested, and that the Commonwealth was not aware of, or in possession of, any other specific CAD materials that were not disclosed to the defense. Moreover, Hancock does not sufficiently explain how this evidence was exculpatory of the crimes for which he was convicted. And while there may have been some evidentiary value to the contested item, we cannot conclude that the circuit court abused its discretion. Therefore, we AFFIRM.

ALL CONCUR.

BRIEFS FOR APPELLANT:                BRIEF FOR APPELLEE:

Kayla Deatherage                     Daniel Cameron
Frankfort, Kentucky                  Attorney General of Kentucky

                                     Melissa Pile
                                     Assistant Attorney General
                                     Frankfort, Kentucky